IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, CARPENTERS PENSION FUND OF ILLINOIS, and CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, and MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS, and CARPENTERS LOCAL NO. 16,<br><br>        Plaintiffs,<br><br>v.<br><br>JEREMY WALKER, individually and d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION,<br><br>        Defendant. | No.   11-3299 |

## ORDER AND DEFAULT JUDGMENT

THIS CAUSE coming before the Court on Plaintiff's Motion for Default Judgment, and the Court being fully advised in the premises, and having reviewed and considered the Motion and exhibits attached thereto, the supporting memorandum of law and exhibits attached thereto, Plaintiffs' Complaint and the exhibits attached thereto, and other documentary evidence contained in the court file, and Defendant, JEREMY WALKER, individually and d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION, having been previously found to be in default, FINDS AS FOLLOWS:

    1.    Defendant, JEREMY WALKER d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION is an "Employer" engaged in an industry within the meaning of §§1002 (5), (11), (12) and (14) of ERISA.

2. Defendant, JEREMY WALKER d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION is bound by the provisions of the Mid-Central Illinois Regional Council of Carpenters collective bargaining agreement, and by the provisions of the Plaintiffs' trust agreements.

3. Defendant, JEREMY WALKER d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION breached the collective bargaining agreement, trust agreements, and applicable provisions of ERISA by failing to submit contribution report forms or make payment of the contributions owed for covered work performed by its employees.

4. Defendant, JEREMY WALKER d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION, is liable to Plaintiffs for fringe benefit contributions owed for covered work performed by its employees from July 1, 2009 through the present date.

5. Plaintiffs are entitled to audit the payroll and business records of Defendant, JEREMY WALKER d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION, for purposes of determining the amount of fringe benefit contributions and other amounts Defendant, JEREMY WALKER d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION, owes to Plaintiffs under the collective bargaining agreement and the trust agreements from July 1, 2009 through the date of the audit.

6. The Plaintiffs are entitled to liquidated damages, interest, audit costs and their reasonable attorneys' fees and costs incurred in this matter pursuant to the Plaintiffs' trust agreements and Section 502(g)(2)(A-E) of ERISA.

7. Defendant, JEREMY WALKER d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION, is the alter ego of JLW Construction, Inc. and is liable for the obligations of JLW Construction, Inc.

8. The corporate veil of JLW Construction, Inc. is pierced and Defendant, JEREMY WALKER, individually and personally, is liable for the obligations of JLW Construction, Inc.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED

A. Plaintiffs' Motion for Default Judgment is GRANTED pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure;

B. Judgment is entered in favor of Plaintiff, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, and against Defendant, JEREMY WALKER, individually and d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION, for all unpaid fringe benefit contributions, liquidated damages, interest, audit costs, and attorneys' fees and costs for the time period of July 1, 2009 through a future date to be determined by a payroll audit;

C. Judgment is entered in favor of Plaintiffs, CARPENTERS PENSION FUND OF ILLINOIS and CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, and against Defendant, JEREMY WALKER, individually and d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION, for all unpaid fringe benefit contributions, liquidated damages, interest, audit costs, and attorneys' fees and costs for the time period of July 1, 2009 through a future date to be determined by a payroll audit;

D. Defendant, JEREMY WALKER, individually and d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION, is ORDERED to provide Plaintiffs within 30 days of the date of this default judgment all payroll and other business records as to wages received and hours worked by Defendant's employees for the period of July 1, 2009 through a future date to be determined by a payroll audit in order to determine the amount of fringe benefit contributions and other amounts owed to Plaintiffs;

E. That Plaintiffs are granted leave of Court to file supplemental proofs establishing the amount of contributions determined to be due and owing over the audit period, as well as the liquidated damages, interest, audit costs, and attorneys' fees and costs to which Plaintiffs are entitled to pursuant to the trust agreements and ERISA; and to seek an amended judgment based upon any supplemental proofs filed.

F. Judgment is entered in favor of Plaintiff, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, and against Defendant, JEREMY WALKER, individually and d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION, in the amount $7,646.14 (consisting of delinquent contributions of $1,851.83, liquidated damages of $420.36, interest of $453.29, audit costs of $1,101.10, and attorneys' fees and costs of $3,819.56);

G. Judgment is entered in favor of Plaintiffs, CARPENTERS PENSION FUND OF ILLINOIS and CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, and against Defendant, JEREMY WALKER, individually and d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION, in the amount $7,249.73 (consisting of delinquent contributions of $1,910.73, liquidated damages of $401.34, audit costs of $981.10, and attorneys' fees and costs of $3,956.56);

H. Defendant, JEREMY WALKER, individually and d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION is ORDERED to perform all of Defendant's obligations to the Plaintiffs under the collective bargaining agreement and trust agreements; including without limitation, filing complete, proper and timely contribution reporting forms with payment for each month going forward after the date of this default judgment;

I. Plaintiffs are further awarded post-judgment attorneys' fees and costs incurred in connection to this case until all terms of this Order and Default Judgment are fully executed.

J. If Defendant, JEREMY WALKER, individually and d/b/a JLW CONSTRUCTION and/or JEREMY WALKER CONSTRUCTION, fails to comply with any of the terms of this Order and Default Judgment, Plaintiffs may, in addition to pursuing the remedies provided for under Federal Rule of Civil Procedure 69, reopen this case upon motion to the Court and notice to the Defendant, and may seek further appropriate relief, including monetary and/or injunctive relief.

Entered this 22nd day of March, 2012

By: /s/ Richard Mills
Richard Mills
United States District Judge